JEREMIAH *et al., County Com'rs,* v. HIGGINS *et al.*

No. 1092. Opinion Filed November 14, 1911.

(120 Pac. 244.)

**ANIMALS—Running at Large—Restraint.** Prior to the passage of the act of May 21, 1908 (Sess. Laws 1907-08, c. 24, art. 2), the board of county commissioners did not have power to exempt their counties from the operation of the provisions of sections 155 and 156 of Comp. Laws 1909, relative to restraining swine and other domestic animals.

(Syllabus by Ames, C.)

*Error from District Court, Sequoyah County; John H. Pitchford, Judge.*

Action by J. W. Higgins and others in mandamus against A. J. Jeremiah and others, County Commissioners. Judgment for plaintiffs, and defendants bring error. Reversed.

*T. F. Shackleford,* for plaintiffs in error.

*Jess W. Watts* for defendants in error.

Jeremiah et al., County Com'rs, v. Higgins et al.

Opinion by AMES, C.  By an act of the territorial Legislature of 1903 (Comp. Laws 1909, secs. 155 and 156), it was provided:

"Sec. 155:  Every owner of swine, sheep, goats, stallions, or jacks, shall restrain them at all times and seasons of the year, from running at large, in the state of Oklahoma."

"Sec. 156:  All domestic animals other than those mentioned in section one hereof, shall be by the owner thereof, restrained from running at large in said state, unless permitted to run at large as hereafter provided in this act."

These sections were extended in force over the entire state upon the adoption of the Constitution.  *Le Flore v. Sanders,* 24 Okla. 301, 103 Pac. 858; *Allen v. Walden,* 27 Okla. 94, 111 Pac. 316.  On February 15, 1908, the defendants in error, hereafter referred to as plaintiffs, filed a petition, praying that the county commissioners exempt the county of Sequoyah from the provisions of the statutes just quoted.  On April 14, 1908, the county commissioners denied the petition on the ground, amongst others, that the signatures attached were not written by those purporting to sign, and that they were not permitted, under the statutes previously quoted, to authorize swine to run at large in their county.  No appeal was taken from this order.

By an act approved May 21, 1908 (Sess. Laws 1907-1908, pp. 22 and 23), power was given the board of county commissioners to suspend the previous law, pending an election; but it will be observed that the petition and order in this case were both prior to the passage of this act.  On April 21, 1908, the plaintiffs filed a petition in mandamus, seeking to compel the commissioners to exempt the county from the provisions of the act of 1903, previously quoted.  The commissioners answered, setting up their previous order, averring that the petition which had been filed with them was false and fraudulent, that it did not contain a majority of the voters, and other defenses, not necessary to state.  This answer was demurred to.  The demurrer was sustained, and judgment rendered, granting the writ of mandamus.  Various errors were assigned, but we find it necessary to only consider one.

Under the facts which have been stated and which appear from the pleadings, the petition was filed at a time when the law did not permit the commissioners to exempt their counties from the operation of the statutes of 1903, as the act of May 21, 1908, was not in effect until afterwards.

This court has considered this subject in the cases of *Le Flore v. Sanders,* 24 Okla. 301, 103 Pac. 858, and *Allen v. Walden,* 27 Okla. 94, at page 97, 111 Pac. 316, at page 318. In the latter case, it is said:

"In the case at bar, the residents of that portion of Cherokee county in which the parties to this action reside, prior to the 4th day of February, 1908, presented a petition, containing a majority of the electors within the townships therein named, to the board of county commissioners of that county, praying that the domestic animals in said townships be permitted to run at large. On February 4, 1908, the board of county commissioners acted upon said petition and ordered that hogs should be kept in inclosures after March 1, 1908, and that all other stock, except jacks and stallions, should be allowed to run at large. The act of the first state Legislature, authorizing the county commissioners of certain counties to exempt their county or districts therein from the operation of the herd law, did not become effective until May 21, 1908, and at the time the board of county commissioners made the foregoing order there was no statute authorizing them to do so. A second order was made by the board of county commissioners on the 9th day of April, 1909, whereby all stock, except jacks and stallions, were permitted to run at large in the townships embraced in the former order. This order of the commissioners was made subsequent to the time the act of the state Legislature became effective, but it was made without any petition having been filed therefor. It purports to have been made upon the petition formerly filed, upon which the order of February 4, 1908, was made; but that petition was not authorized by any statute, and was obtained and filed and acted upon by the board of county commissioners prior to the enactment of any law authorizing same, or vesting the county commissioners with power to suspend in any manner the herd law, except by an election, as provided by the territorial act of 1903; and the entire proceedings of the commissioners, including the order of April 9, 1909, are void."

As the county commissioners had no power to make the order commanded by the decree of the district court, it is apparent that it was erroneous to make it, and we therefore are of the opinion that the case should be reversed, and judgment rendered for the plaintiffs in error.

By the Court: It is so ordered.

All the Justices concur.